**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ROCK HILL CONVALESCENT CENTER, Respondent.**

No. 77–1002.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 5, 1977.

Decided Oct. 26, 1978.

Elliott Moore, Deputy Associate Gen. Counsel, Washington, D. C. (John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, Candace M. Carroll, Atty., N. L. R. B., Washington, D. C., on brief), for petitioner.

L. Gray Geddie, Jr., Greenville, S. C. (Ogletree, Deakins, Smoak & Stewart, Greenville, S. C., on brief), for respondent.

Before BUTZNER and RUSSELL, Circuit Judges, and FIELD, Senior Circuit Judge.

PER CURIAM:

This appeal involves application of the National Labor Relations Board for enforcement of its order issued November 10, 1976, against the respondent Rock Hill Convalescent Center,[1] pursuant to § 10(e) of the National Labor Relations Act, as amended (61 Stat. 136, 73 Stat. 519, 88 Stat. 395, 29 U.S.C. § 151, *et seq.*).

1. 226 NLRB No. 133.

The Board found that the respondent had violated § 8(a)(1) of the Act by denying reinstatement to two employees, and by discharging one employee in violation of § 8(a)(4) and (1) of the Act, and required the respondent to cease and desist from the unfair labor practices found and to offer these employees reinstatement to their former jobs with backpay.

So far as the belated contention of the respondent that the ten-day notice provision of § 8(g) was not complied with by the employees, the notice requirement only applies to "labor organizations." The employees involved in this case were unrepresented employees and therefore were not required to give notice to the respondent under the Act. *See, Kapiolani Hospital v. NLRB* (9th Cir. 1978) 581 F.2d 230.

From our review of the record as a whole, there is substantial evidence to support the findings of the Board. Accordingly the petition for enforcement of the Board's Decision and Order is granted.

*ENFORCEMENT GRANTED.*